IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EAT'N PARK HOSPITALITY GROUP, INC. and EPR HOLDINGS, INC., | ) ) ) ) Civil Action No. _____ |
| Plaintiffs, | ) ) JURY TRIAL DEMANDED |
| v. | ) ) ) |
| CHICAGO AMERICAN SWEETS & SNACKS, INC., | ) ) ) ) |
| Defendant. | ) |

## COMPLAINT

AND NOW come Plaintiffs, Eat'n Park Hospitality Group, Inc. and EPR Holdings, Inc., together ("Eat'n Park"), by their counsel, and aver the following for their Complaint against Defendant Chicago American Sweet & Snacks, Inc. ("Chicago American"):

1. Eat'n Park Hospitality Group, Inc. is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business at 285 East Waterfront Drive, P.O. Box 3000, Pittsburgh, Pennsylvania 15230. EPR Holdings, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 801 West Street, 2nd Floor, Wilmington, Delaware 19801.

2. On information and belief, Defendant Chicago American is a corporation with a principal place of business at 3501 Southport Avenue #274, Chicago, Illinois 60657.

3. This is an action for trademark infringement, trademark dilution, and unfair competition arising under the Federal Trademark Act of 1946, as amended, commonly known as

the Lanham Act, 15 U.S.C. §§ 1051 et seq., and the statutes and common law of the Commonwealth of Pennsylvania.

4. This Court has jurisdiction over the subject matter and parties of this action pursuant to 28 U.S.C. §§ 1331, 1332(a) and 1338(a) and (b), and under the principle of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c) and 1400(b) because Chicago American is subject to personal jurisdiction in this judicial district.

6. Eat'n Park has been selling its distinctive smiling face cookie since 1985. The smiling face cookie is extensively used by Eat'n Park in its advertising, and is strongly associated by the public with Plaintiff Eat'n Park. The Eat'n Park smiling face cookie is featured as a prominent part of the Eat'n Park restaurant signage and logo. The image of the smiling face cookie is the symbol of Eat'n Park. The cookie is sold at the Eat'n Park restaurant locations and throughout the United States from the website www.smileycookie.com.

7. Eat'n Park has been selling its smiling face cookie since 1987 under the trademark SMILEY®. The trademark SMILEY® is extensively used by Eat'n Park in its advertising, and it's strongly associated by the public with Plaintiff Eat'n Park.

8. Eat'n Park is the owner of the smiling face design trademark, which is registered for "baked goods: namely, cookies" under United States Trademark Registration No. 1,809,410. A copy of this registration is attached hereto as Exhibit A. The right of Eat'n Park to use this trademark is incontestable pursuant to 15 U.S.C. § 1065.

9. Eat'n Park is the owner of the trademark SMILEY®, which is registered for "sugar cookie having raised design of a smiling face sold in restaurants for consumption on or off the premises" under United Stated Trademark Registration No. 2,108,164, and for "pancakes

and cookies" under United States Trademark Registration No. 3,310,195. Copies of these registrations are attached hereto as Exhibits B and C, respectively. The right of Eat'n Park to use these trademarks is incontestable pursuant to 15 U.S.C. § 1065.

10. Chicago American sells and offers for sale smiling face cookies, under the name "Smiley's" which include a design that is confusingly similar to the registered trademark of Eat'n Park. Chicago American's "Smiley's" cookies are directly competitive products to the Eat'n Park SMILEY® smiling face cookies.

11. Chicago American's use of its confusingly similar smiling face design and the "Smiley's" word mark for the sale of cookies is intended and is likely to foster market confusion that Chicago American's products originate, are sponsored by, or are otherwise affiliated with Eat'n Park because of the similarity of the design used by Chicago American to the registered smiling face trademark of Eat'n Park, as well as the similarity of the word mark "Smiley's" to the registered trademark SMILEY®.

12. Unless the relief requested herein by Eat'n Park is granted, Eat'n Park will suffer further serious, immediate, and irreparable harm, including, but not limited to, customer confusion, dilution, and loss of goodwill.

## COUNT I
### (Trademark Infringement Under 15 U.S.C. § 1114)

13. Eat'n Park repeats and realleges the averments contained in paragraphs 1 through 12 of this Complaint as if fully stated herein.

14. The registered smiling face design trademark for cookies is the sole and exclusive property of Eat'n Park.

15. Eat'n Park has never authorized Defendant to use the smiling face design trademark or any mark confusingly similar thereto.

16. Upon information and belief, Chicago American has, without the consent of Eat'n Park, used its confusingly similar design in connection with its sale of cookies and has caused such products to enter interstate commerce, including, inter alia, this judicial district.

17. Upon information and belief, Chicago American has promoted, marketed, and sold cookies in conjunction with its smiling face design with the knowledge and belief that such unauthorized use in commerce has caused and is likely to cause confusion, or to cause mistake, or to deceive the purchasers of Eat'n Park products that such products are baked, endorsed, sponsored, authorized, recommended, or warranted by Eat'n Park.

18. Upon information and belief, Chicago American's use of its infringing smiling face design in interstate commerce has caused or is likely to cause confusion, or to cause mistake, or to deceive the purchasers of cookies to mistakenly believe that such products are manufactured, sponsored, endorsed, authorized, recommended, or warranted by Eat'n Park.

19. Chicago American's conduct violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

20. Eat'n Park has been, and is likely to continue to be, irreparably harmed and damaged by Chicago American's acts of trademark infringement if Chicago American is not restrained, in that Eat'n Park has suffered and is likely to suffer a loss of sales and profits each time customers believe that the products of Chicago American are baked, sponsored, endorsed, authorized, recommended, or warranted by Eat'n Park.

21. Eat'n Park has also been, and is likely to continue to be, irreparably harmed and damaged by Chicago American's aforementioned acts of trademark infringement, unless Chicago American is restrained, in that Eat'n Park has suffered a destruction of goodwill on each

occasion that its customers believe that the products of Chicago American are baked, sponsored, authorized, endorsed, recommended, or warranted by Eat'n Park.

## COUNT II
### (Trademark Infringement Under 15 U.S.C. § 1114)

22. Eat'n Park repeats and realleges the averments contained in paragraphs 1 through 21 of this Complaint as if fully stated herein.

23. The registered trademark SMILEY® for cookies is the sole and exclusive property of Eat'n Park.

24. Eat'n Park has not authorized Defendant to use the SMILEY® trademark or any mark confusingly similar thereto, including "Smiley's."

25. Upon information and belief, Chicago American has, without the consent of Eat'n Park, used the "Smiley's" trademark in connection with its sale of cookies and has caused such products to enter interstate commerce, including, inter alia, this judicial district.

26. Upon information and belief, Chicago American has promoted, marketed, and sold cookies in conjunction with the "Smiley's" trademark with the knowledge and belief that such unauthorized use in commerce has caused and is likely to cause confusion, or to cause mistake, or to deceive the purchasers of Eat'n Park products that such products are baked, endorsed, sponsored, authorized, recommended, or warranted by Eat'n Park.

27. Upon information and belief, Chicago American's use of its infringing "Smiley's" trademark in interstate commerce has caused or is likely to cause confusion, or to cause mistake, or to deceive the purchasers of cookies to mistakenly believe that such products are manufactured, sponsored, endorsed, authorized, recommended, or warranted by Eat'n Park.

28. Chicago American's conduct violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

29. Eat'n Park has been, and is likely to continue to be, irreparably harmed and damaged by Chicago American's acts of trademark infringement if Chicago American is not restrained, in that Eat'n Park has suffered and is likely to suffer a loss of sales and profits each time customers believe that the products of Chicago American are baked, sponsored, endorsed, authorized, recommended, or warranted by Eat'n Park.

30. Eat'n Park has also been, and is likely to continue to be, irreparably harmed and damaged by Chicago American's aforementioned acts of trademark infringement, unless Chicago American is restrained, in that Eat'n Park has suffered a destruction of goodwill on each occasion that its customers believe that the products of Chicago American are baked, sponsored, authorized, endorsed, recommended, or warranted by Eat'n Park.

## COUNT III
**(False Designation of Origin and Unfair Competition in Violation of 15 U.S.C. § 1125(a))**

31. Eat'n Park repeats and realleges the averments contained in paragraphs 1 through 30 of this Complaint as if fully stated herein.

32. The distinctive smiling face trademark and the SMILEY® trademark, and the public recognition thereof, and the public association thereof with Eat'n Park are protected under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

33. Eat'n Park has never authorized Chicago American to use the smiling face trademark, the SMILEY® trademark or any other mark confusingly similar thereto in connection with Chicago American's sale of cookies or otherwise.

34. Upon information and belief, Chicago American has, without the consent of Eat'n Park, used its smiling face design and the SMILEY® trademark in connection with its sale of cookies and has caused such products to enter interstate commerce.

35. Upon information and belief, Chicago American has promoted, marketed, and/or sold cookies in conjunction with the smiling face design and the SMILEY® trademark with the knowledge and belief that such unauthorized use in commerce has caused and is likely to cause confusion, or to cause mistake, or to deceive, the purchasers of Chicago American's products that such products are baked, endorsed, sponsored, or authorized by Eat'n Park, or that such products are recommended or warranted by Eat'n Park.

36. Upon information and belief, Chicago American's unauthorized use of the registered smiling face design and registered SMILEY® trademark in commerce has caused and is likely to cause confusion, or to cause mistake, or to deceive, the purchasers of cookies to believe mistakenly that such products are baked, sponsored, endorsed, or authorized by Eat'n Park or connected in some way with Eat'n Park, or that such products are recommended or warranted by Eat'n Park.

37. Chicago American's smiling face design cookie is confusingly similar to U.S. Registration No. 1,809,410.  Chicago American's "Smiley's" word mark is confusingly similar to United States Registration Nos. 2,108,164 and 3,310,195.  The use of this design and word mark by Chicago American is even more confusing because they are used on identical goods.

38. Chicago American's conduct constitutes false designation of origin and unfair competition and violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

39. Eat'n Park has been, and is likely to continue to be, irreparably harmed and damaged by Chicago American's acts of false designation of origin and unfair competition if

7

Chicago American is not restrained, in that Eat'n Park has suffered and is likely to suffer a loss of sales and profits each time its customers believe that Chicago American's products are manufactured or endorsed by Eat'n Park, and Eat'n Park has no adequate remedy at law.

40. Eat'n Park also has been, and is likely to continue to be irreparably harmed and damaged by Chicago American's aforementioned acts of unfair competition and false designation of origin unless Chicago American is restrained, in that Eat'n Park has suffered and is likely to suffer a loss of reputation and goodwill on each occasion that its customers believe Chicago American's products are baked or endorsed by Eat'n Park, and Eat'n Park has no adequate remedy at law.

## COUNT IV
### (Trademark Dilution in Violation of 15 U.S.C. § 1125(c)(1))

41. Eat'n Park repeats and realleges the averments contained in paragraphs 1 through 40 of this Complaint as if fully stated herein.

42. Eat 'n Park is the exclusive owner of its registered smiling face design trademark and the registered word mark SMILEY® for cookies. These trademarks are strong and distinctive and are famous within the relevant market.

43. Eat'n Park has never authorized Chicago American to use the smiling face trademark or any design confusingly similar thereto in connection with Chicago American's products or otherwise. Eat'n Park has never authorized Chicago American to use the word mark SMILEY or any mark confusingly similar thereto in connection with Chicago American's products or otherwise.

44. Upon information and belief, Chicago American, without the consent of Eat'n Park, has used its confusingly similar smiling face design and the SMILEY® word mark in connection with its sale of cookies, and has caused such products to enter interstate commerce.

8

Chicago American's use of these trademarks began after the Eat'n Park smiling face mark and the SMILEY® mark became famous.

45. Upon information and belief, Chicago American has promoted, marketed, and/or sold cookies with the knowledge and intent that such unauthorized use in commerce has caused mistake, or deceived the customers of Eat'n Park that such products are baked, sponsored, endorsed, or authorized by Eat'n Park or that such products are recommended or warranted by Eat'n Park. Chicago American's use of its smiling face design and the "Smiley's" word mark causes dilution by lessening the capacity of the registered smiling face and SMILEY® trademarks, to identify and distinguish Eat'n Park and its cookies.

46. Such unauthorized use of the smiling face design and the "Smiley's" word mark in commerce by Chicago American has caused, or is likely to cause irreparable injury to Eat'n Park's business reputation and/or dilution of the distinctive quality of the smiling face trademark, and the SMILEY® trademark and Eat'n Park has no adequate remedy at law.

47. Chicago American's conduct constitutes trademark dilution and violates Section 43(c)(1) of the Lanham Act, 15 U.S.C. § 1125(c)(1).

## COUNT V
### (Trademark Dilution in Violation of 54 Pa. C.S.A. § 1124)

48. Eat'n Park repeats and realleges the averments contained in Paragraphs 1 through 47 of this Complaint as if fully stated herein.

49. Eat'n Park is the exclusive owner of the smiling face trademark and the SMILEY® trademark for cookies. These trademarks are strong and distinctive, and have acquired secondary meaning.

50. Eat'n Park has never authorized Chicago American to use the smiling face trademark or any design confusingly similar thereto in connection with Chicago American's

products or otherwise.  Eat'n Park has never authorized Chicago American to use the word mark SMILEY® or any mark confusingly similar thereto in connection with Chicago American's products or otherwise.

51. Chicago American has, without the consent of Eat'n Park, used the smiling face design and the SMILEY word mark in connection with its sale of cookies.

52. Upon information and belief, Chicago American has promoted, marketed, and/or sold cookies with the knowledge and intent that such unauthorized use in commerce has caused mistake, or has deceived the customers of Eat'n Park that such products are baked, formulated, sponsored, endorsed, or authorized by Eat'n Park or that such products are recommended or warranted by Eat'n Park. Chicago American's use of the smiling face design and the SMILEY® word mark causes dilution by lessening the capacity of these trademarks to identify and distinguish Eat'n Park and its cookies.

53. Such unauthorized use of the smiling face design and the SMILEY® word mark in commerce by Chicago American has caused, or is likely to cause irreparable injury to Eat'n Park's business reputation and/or dilution of the distinctive quality of the smiling face trademark and the SMILEY® trademark, and Eat'n Park has no adequate remedy at law.

54. Chicago American's conduct constitutes trademark dilution and violates Section 1124 of Title 54 of the Pennsylvania Consolidated Statutes, 54 Pa. C.S.A. § 1124.

## COUNT VI
**(Common Law Unfair Competition)**

55. Eat'n Park repeats and realleges the averments contained in paragraphs 1 through 54 of this Complaint as if fully stated herein.

56. Chicago American's aforementioned conduct in connection with the sale of cookies while utilizing its smiling face design and the SMILEY® word mark constitutes unfair competition at common law.

57. Eat'n Park has been, and is likely to continue to be, irreparably harmed and damaged by Chicago American's acts of unfair competition if Chicago American is not restrained, in that Eat'n Park has suffered and is likely to suffer a loss of sales and profits each time its customers believe that Chicago American's products are baked, formulated, sponsored, endorsed, or authorized by Eat'n Park and Eat'n Park has no adequate remedy at law.

58. Eat'n Park also has been, and is likely to continue to be, irreparably harmed and damaged by Chicago American's aforementioned acts of unfair competition unless Chicago American is restrained, in that Eat'n Park has suffered and is likely to suffer a loss of reputation and goodwill on each occasion that its customers believe that it has baked, formulated, sponsored, endorsed, or authorized Chicago American's products, and Eat'n Park has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray:

(a) that Defendant Chicago American and those persons in active concert or participation with Chicago American, be preliminarily and permanently enjoined and restrained from using the smiling face trademark design and any other mark confusingly similar thereto in the manufacture, marketing, advertising, labeling, packaging, offer for sale, sale, distribution of any and all cookies;

(b) that Defendant Chicago American and those persons in active concert or participation with Chicago American, be preliminarily and permanently enjoined and restrained

from using the "Smiley's" trademark and any other mark confusingly similar to SMILEY® in the manufacture, marketing, advertising, labeling, packaging, offer for sale, sale, distribution of any and all cookies;

(c) that all labels, boxes, cartons, signs, catalogs, literature, packages, marketing materials, and advertisements of Defendant Chicago American which include the smiling face mark and/or the "Smiley's" mark and/or any other mark confusingly similar thereto, and relate to any and all cookies, be delivered and destroyed as the Court shall direct pursuant to 15 U.S.C. § 1116;

(d) that Defendant Chicago American be ordered to account to Plaintiffs for any and all profits derived by it by reason of the acts complained of in this Complaint pursuant to 15 U.S.C. §§ 1114, 1117 and 1125;

(e) that Defendant Chicago American be ordered to pay damages to Plaintiffs for injuries sustained by Plaintiffs as a result of Chicago American's infringement of Plaintiffs' trademarks and for trademark dilution, in an amount to be determined at trial, pursuant to 15 U.S.C. §§ 1114 and 1117;

(f) that Defendant Chicago American be ordered to pay damages to Plaintiffs for injuries sustained by Plaintiffs as a result of Chicago American's false designations of origin and unfair competition, in an amount to be determined at trial, pursuant to 15 U.S.C. §§ 1117 and 1125, and common law;

(g) that Defendant Chicago American be ordered to pay treble damages to Plaintiffs pursuant to 15 U.S.C. § 1117(b);

(h) that Defendant Chicago American be ordered to pay damages to Plaintiffs for injuries sustained by Plaintiffs as a result of Chicago American's dilution of Plaintiff's trademarks, in an amount to be determined at trial, pursuant to 54 Pa. C.S.A. § 1124;

(i) that Plaintiffs be awarded their costs of this action including reasonable attorney's fees pursuant to 15 U.S.C. § 1117 and common law;

(j) that Plaintiffs be awarded such further relief as the Court shall deem appropriate.

Respectfully submitted,

Dated: May 19, 2015

/s/Kent E. Baldauf, Jr.
Kent E. Baldauf, Jr., PA ID No. 70793
Cecilia R. Dickson, P.A. ID No. 89348
Bryan P. Clark, P.A. ID No. 205708

THE WEBB LAW FIRM
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
Telephone: (412) 471-8815
Facsimile: (412) 471-4094

Counsel for Plaintiffs
Eat'n Park Hospitality Group, Inc. and
EPR Holdings, Inc.